

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| IN RE: MICHAEL LEE FULCHER, ANNE WESLEY FULCHER, *Debtors.* | CHAPTER: 7<br><br>BANKR. CASE NO.: 6-04-01442 |
| W. CLARKSON McDOW, JR., UNITED STATES TRUSTEE FOR REGION FOUR, *Appellant*, v. MICHAEL LEE FULCHER, ANNE WESLEY FULCHER, *Appellees.* | CIVIL ACTION NO. 3:06-CV-0040<br><br><u>OPINION AND ORDER</u><br><br>JUDGE NORMAN K. MOON |

Before the Court is the United States Trustee's appeal from an order of the Bankruptcy court, denying the motion to dismiss the above-captioned case for substantial abuse. For the reasons set out below, the decision of the Bankruptcy court will be affirmed.

**PROCEDURAL HISTORY**

On April 12, 2004, Michael Lee Fulcher and Anne Wesley Fulcher (collectively "the Debtors") filed a voluntary chapter 7 petition for bankruptcy. The United States trustee filed a motion to dismiss under Section 707(b). The United States trustee argued that the dismissal was appropriate because the Debtors had primarily consumer debts and could pay a substantial portion of their unsecured debt through a chapter 13 plan. The United States trustee further asserted that the Debtors had understated their income.

The Bankruptcy Court denied the motion to dismiss by memorandum (the Original Opinion) and order (the Original Order), ruling that it would not be a substantial abuse of the provision of Chapter 7 to grant relief. This Court held that "whether a debtor's disposable income is be to given more or less consideration than other factors is to be determined on a case-by-case basis."

The Bankruptcy Court additionally held that Mr. Fulcher's overtime income should not be included in the calculation of his disposable income. It also found that the Debtor's family budget was not excessive.

The United States Trustee filed a timely Notice of Appeal to this Court. On appeal, the United States Trustee argued that the Bankruptcy Court applied the wrong legal standard, incorrectly failed to include Mr. Fulcher's overtime compensation in the calculation of disposable income and improperly included three vehicles in calculating the Debtors' allowable expenses when calculating the Debtors' disposable income.

This Court issued an order and memorandum opinion (the Memorandum Opinion) reversing the Bankruptcy Court's finding that no overtime income should be included in the calculation of disposable income, and directing that ability to pay be considered the primary factor in the substantial abuse analysis. After making the appropriate adjustments, the Bankruptcy Court found that the debtors could repay 53% of their debts over a three-year Chapter 13 plan. However, the court ruled that there was no aggravating factor other than ability to pay, and thus that substantial abuse was not present.

The United States Trustee timely appeals. The issues before the court are 1) whether the Bankruptcy Court weighed the *Green* factors correctly, and 2) whether it erred in holding that ability to pay was the only factor supporting dismissal for substantial abuse.

# FACTS

The facts are undisputed and are laid out in the Bankruptcy Court's Memorandum Opinion:

During 2002, the Debtors' gross income from wages was $109,896.00. In 2003, they earned $110,092.00 from wages and unemployment compensation.

In August of 2002, the Debtors purchased a 2003 Harley Davidson motorcycle by trading in two motorcycles and incurring some new secured debt. The Debtors paid off that debt with the proceeds of a January, 2003, loan secured by a second deed of trust on their residence which they owned as tenants by the entirety. In October of 2002, the Debtors purchased a horse trailer for approximately $15,000.00. The monthly payment for that trailer was $350.00. In June, 2003, the Debtors purchased a 2003 Chevrolet Silverado by trading in a 1997 GMC 3500 truck and incurring additional secured debt in the approximated amount of $29,500.00. The monthly payment on the Silverado was $809.00. The Debtors also owned a 2001 Jeep Cherokee valued at $11,410.00 at the time of filing, with a monthly payment of $474.00.

During 2002, Mrs. Fulcher earned $35,445.00 from employment with Merchant's Tire, a job that she had held for 16 years. In June of 2003, Merchant's Tire reduced its operations and she lost her job. Three or four months after she lost her job with Merchant's Tire, she found employment with Lantern Lane Farm, Inc. ("Lantern Lane"). During 2003, she earned $25,987.06 from Merchant's Tire, including separation pay. She also earned $5,088.00 in unemployment compensation and $3,569.85 from Lantern Lane. Her total gross income in 2003 was $34,644.91.

On April 12, 2004, the Debtors filed a chapter 7 petition. They disclosed that Mrs.

Fulcher has been employed as a bookkeeper and earns approximately $1,557.00 per month. She also disclosed $400.00 per month in additional income from Lantern Lane for work other than bookkeeping. The United States Trustee does not challenge Mrs. Fulcher's scheduled gross income of $1,957.00 or her scheduled net income of $1,693.11.

The Debtors also disclosed that Mr. Fulcher has been employed as a service technician for four years and that he earns approximately $5,633.00 per month. No overtime compensation was disclosed on Schedule I. The United States Trustee asserts that this income is actually $6,161.01 per month, including overtime compensation.

## STANDARD OF REVIEW

The standard of review for issues of fact is clearly erroneous. Conclusions of law are subject to de novo review. Fed. R. Bankr. P.8013. The district court reviews findings of fact by the Bankruptcy Court pursuant to a clearly erroneous standard and reviews the conclusions of law de novo, *In re Tudor Assocs., Inc.* II, 20 F.3d 115, 119 (4th Cir. 1994); *In re Morris Communications NC, Inc.*, 914 F.2d 458, 467 (4th Cir. 1990); *Cypher Chiropractic Center v. Runski*, 102 F.3d 744 (4th Cir. 1996); *Quarles v. United States Trustee*, 194 B.R. 94 (W.D. Va. 1994); *Amer. Natl. Bank & Trust Co. v. DeJournette*, 222 B.R. 86, 92 (W.D. Va. 1996). The disposition of a motion to dismiss under 11 U.S.C. § 707(b) is reviewed for abuse of discretion. *In re Behlke*, 358 F.3d 429 (6th Cir. 2004). An appellate court may find an abuse of discretion where the trial court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact. *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 148 F.3d 283, 299 (3d Cir. 1998).

## DISCUSSION

This Court has already held that while ability to repay debts is to be the primary factor in

a substantial abuse inquiry, standing alone it is not enough to justify a denial of relief. Rather, there must be at least one other aggravating factor from among those listed in *Green v. Staples*, 934 F.2d 568 (4th Cir 1991). It is apparently undisputed that the debtors here have the ability to pay a significant fraction of their unsecured debts. The bankruptcy court has adopted the arguments of the U.S. Trustee as to both gross and net income of the debtors, and that is not challenged on appeal. The focus of the inquiry, therefore, is on the *Green* factors.

The first *Green* factor is sudden illness, calamity, disability, or unemployment. Here, Anne Fulcher lost a job she had held for 16 years and found new work paying significantly less. The Bankruptcy Court found this to be a financial trauma, and the U.S. Trustee does not appeal this finding but notes that, had the debtors not incurred substantial debt right before it, their ability to pay would have been greater. Undoubtedly this is true, and in like manner it may be said that many automobile accidents could be avoided if drivers knew in advance what was about to happen. The Fulchers may have been somewhat improvident, but they undeniably suffered a blow to their ability to pay which was beyond their control.

The second *Green* factor is the incurrence of debt far in excess of the ability to repay shortly before a bankruptcy filing. Since obviously the very definition of "bankrupt" calls for debts in excess of the ability to pay, there must be something more to justify dismissal. There must be some showing of abusive behavior on the part of the debtor, such as attempt to take advantage of creditors by deliberately incurring excessive debt and then using bankruptcy to avoid it. Here, the Bankruptcy court found in the Original Opinion at 16-17 that the debtors actually had the ability to pay when they incurred the debt, and only later became unable to pay because of an unexpected job loss. Again, this is improvident, but not abusive, behavior.

Third, the Bankruptcy Court considered whether the scheduled expenses were

"excessive" under *Green*. Here, the U.S. Trustee argues that the Bankruptcy Court committed clear error because it reduced the amounts of payments on a horse trailer and a new truck by $557.69 because they were "excessive," but then failed to find the budget "excessive" under *Green*. This circle is easily squared. Schedule J, on which the disputed amounts were found, is entitled "Current expenditures of individual debtor(s)." The debtors are obliged to schedule their payments accurately. They cannot unilaterally alter their contracts with financing companies and declare their debts to be less than they actually are, nor can they deceptively write anything other than the actual amounts of their obligations. On the other hand, a court, in considering a hypothetical Chapter 13 plan, can disallow certain expenses as unnecessary to the support and maintenance of the debtor. The fact that the court found a horse trailer and the large truck required to pull it unnecessary does not constitute an automatic finding of abuse; it is hardly surprising that someone petitioning for bankruptcy has debts in excess of what a court might consider necessary. Rather, a finding of abuse is appropriate where a debtor has scheduled frivolous, wasteful, or unnecessary *discretionary* spending in an effort to hide disposable income which justly belongs to creditors. The U.S. Trustee's position would place debtors with large and arguably unnecessary debts in an unacceptable catch-22. On the one hand, failure to schedule debts accurately is grounds for a finding of abuse, and certainly will lead to objections from creditors and unnecessary legal wrangling. Furthermore, debts not properly scheduled are not subject to discharge. 11 U.S.C. § 523(a)(3). On the other hand, if accurately scheduled debts are reduced by the court as unnecessary, the U.S. Trustee would automatically deem the expenses "excessive" for the purposes of § 707 and thus make a finding of abuse quite likely. It would be a very lucky debtor whose past spending habits enabled him to navigate this legal Strait of Messia. Since the U.S. Trustee does not take issue with the debtors' discretionary spending, the

household budget is not excessive.

The fourth *Green* factor is the accuracy of the Schedules submitted to the court. Here, there is dispute about the omission of Mr. Fulcher's overtime income from the original Schedule I. It is clear that the debtors scheduled that income at $0.00, although historically Mr. Fulcher earned considerable overtime during the summer months. The Bankruptcy Court did not insist on inclusion of this pay on the schedule, but this Court overturned that decision. Although there is no doubt that, as a matter of this Court's rulings, Mr. Fulcher must include more than zero overtime income on Schedule I, his failure to do so was not a substantial abuse under *Green*. If the Bankruptcy Court, with extensive experience and access to legal resources, initially approved the debtor's decision to schedule overtime at $0, then there is no grounds to think that Mr. Fulcher should have known better, or that his error was made in anything other than good faith. Furthermore, the U.S. Trustee does not challenge the annual incomes on the Statement of Financial Affairs, which are apparently entirely accurate. There is nothing to suggest any reason for lack of confidence in the debtors' statements. *See Bacco v. U.S. Trustee*, 160 B.R. 283, 284 (Bankr. M.D. Pa. 1993).

The fifth *Green* factor is simply bad faith. Is the "total picture" one of abuse? *See In re Kestell*, 99 F.3d 146, 149 (4th Cir. 1996). As the U.S. Trustee concedes, there is no evidence of a manipulative scheme. There is only the U.S. Trustee's assertion that "adjustments to...lifestyle" would make repayment more practical. That may be true in both this and many other bankruptcy cases. But here the Trustee is confusing *is* with *ought*. Perhaps Chapter 7 should feature a lifestyle test. As it stands, it features the *Green* test. The Fulchers could–and probably should–have avoided bankruptcy with lifestyle changes, but the Trustee has failed to make a showing that they are engaged in substantial abuse.

## CONCLUSION

For the foregoing reasons, the decision of the Bankruptcy Court is AFFIRMED. The case is REMANDED to the Bankruptcy Court for further proceedings.

It is so ORDERED.

ENTERED: /s/ Norman K. Moon
U.S. District Judge

October 11, 2006
Date